IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARK COUNTY BANCORPORATION<br>512-F N.E. 81st Street, Suite 229<br>Vancouver, WA 98665<br><br>                  **Plaintiff**<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION**<br>    and<br>**FEDERAL DEPOSIT INSURANCE CORPORATION-RECEIVER,**<br>**Departments of the United States of America**<br>                  **Defendants**<br><br>Serve:  FDIC-Receiver of Bank of Clark County, Vancouver, Washington<br>1607 Bryan Street<br>Dallas, TX 75201<br><br>FDIC<br>Robert E. Feldman<br>Executive Secretary<br>550 17th Street, N.W.<br>Washington, D.C. 20006<br><br>FDIC<br>John Vogel<br>Regional Director<br>350 Fifth Avenue<br>New York, NY 10118<br><br>Eric H. Holder, Jr.<br>United States Attorney General<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001 | CASE NO. _____<br><br>**Related action:**<br>**Case No. 1:13-CV-00632-JEB** |

**COMPLAINT**

## Nature of Action

1. Plaintiff Clark County Bancorporation brings this civil action seeking monetary damages and other relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, et seq., the United States Constitution, and the laws of the United States to address Defendants' violations of Plaintiff's constitutional rights arising under the Fourth and Fifth Amendments.

## Jurisdiction and Venue

2. The jurisdiction of this Court is founded upon 28 U.S.C., §§ 1331, 1340, 2201, and 2202 et seq., and 12 U.S.C. § 1811 and § 1819. The claims asserted arise under the foregoing statutes and the laws and Constitution of the United States, including the Fourth and Fifth Amendments, and under 5 U.S.C. §§ 701, et seq., providing for judicial review of arbitrary, unreasonable, and/or unlawful administrative action.

3. Venue is proper in this district under 28 U.S.C. § 1391, in that the Defendants are located in the District of Columbia, a substantial part of the events or omissions giving rise to the claims occurred in the District of Columbia, and justice would be best served to have the action in the District of Columbia.

## Parties

4. Plaintiff Clark County Bancorporation is a corporation organized and existing under the laws of the State of Washington.

5. Defendant the Federal Deposit Insurance Corporation ("FDIC") is an agency of the government of the United States of America and is sued in its corporate capacity ("FDIC-

Corporate") and in its capacity as Receiver of Bank of Clark County (FDIC-Receiver). This Complaint uses "FDIC" to refer to the FDIC-Receiver and FDIC-Corporate collectively.

### Factual Allegations

6. On or about May 2, 2013, Plaintiff commenced an action entitled, <u>Clark County Bancorporation v. United State Department of the Treasury, Department of the United States of America, and Its Acting Commissioner, Internal Revenue Service, Department of the United States of America, and Its Acting Commissioner, Federal Deposit Insurance Corporation, and Federal Deposit Insurance Corporation – Receiver, Department of the United States of America, and Their Action Chairpersons, and United States of America</u>, Case No. 1:13-CV-00632-JEB ("Action").

7. The Action alleged in relevant part:

   a. Plaintiff Clark County Bancorporation, among other of its operations, owned all of the stock in the Bank of Clark County. The Federal Deposit Insurance Corporation was appointed receiver of the Bank of Clark County on January 16, 2009.

   b. Plaintiff Clark County Bancorporation filed appropriate amended tax returns with the Internal Revenue Service of the United States Department of Treasury ("IRS") for the tax years 2003 through 2007 and returns for 2008 and 2009, involving tax refund payments due to Plaintiff Clark County Bancorporation in an amount in excess of nine million dollars ($9,000,000.00). At all times material hereto, Plaintiff Clark County Bancorporation has filed consolidated tax returns involving all of its operations, including the Bank of Clark County.

c. Prior to commencement of the Action, Plaintiff Clark County Bancorporation had requested information from the IRS as to Plaintiff Clark County Bancorporation's tax refund and status, but the IRS failed to provide any information to Plaintiff Clark County Bancorporation. Further, Plaintiff Clark County Bancorporation had requested (on more than one occasion) the scheduling of a meeting with the IRS in relation thereto, and these meeting requests had been denied in writing by the IRS.

d. Plaintiff Clark County Bancorporation had not received from the IRS any of the tax refund payments pursuant to Plaintiff's amended tax returns and tax returns, despite requests to the IRS from Plaintiff Clark County Bancorporation. The tax refunds are property of Plaintiff.

8. Only after commencement of the Action, in the Fall of 2013, did the IRS provide to Plaintiff approximately 2,000 documents responsive to prior repeated requests. Prior thereto, the IRS had not provided any documentation to Plaintiff, despite Plaintiff's repeated requests.

9. Included in the IRS's Fall 2013 production of documents were copies of checks which in 2011 and 2012 the IRS had issued payable to Plaintiff Clark County Bancorporation but had not delivered to Plaintiff Clark County Bancorporation, and, at a later date, voided after ex parte communications between the FDIC-Receiver and the IRS. The IRS subsequently rewrote those checks payable to the Defendant FDIC-Receiver for Bank of Clark County in 2012.

10. The determination that any checks would be issued payable to the FDIC-Receiver for Bank of Clark County was concealed from Plaintiff by both the IRS and the FDIC-Receiver. The IRS did not reveal this information to Plaintiff until months after commencement of the

4

Action, in the Fall of 2013. Defendant FDIC-Receiver did not reveal this information to Plaintiff until April 2, 2014.

11.   Prior to Fall 2013, the IRS had not notified Plaintiff Clark County Bancorporation of the issuance of checks in 2011 and 2012 payable to the FDIC-Receiver for Bank of Clark County. Further, Defendant FDIC-Receiver provided no notice to Plaintiff Clark County Bancorporation of its receipt of checks issued payable to Defendant FDIC-Receiver for Bank of Clark County until April 2, 2014, at which time Defendant FDIC-Receiver set forth information concerning these checks in its Reply Memorandum of Points and Authorities in Support of its Motion to Dismiss the Action.

12.   The determination and transmission of the foregoing checks issued payable to the FDIC-Receiver for the Bank of Clark County was based (according to the IRS and Defendant FDIC) on Regulation 26 C.F.R. § 301-6402-7. In the Action, Plaintiff challenges this Regulation as unconstitutional, including on the grounds that the Regulation has no provision for notice to the taxpayer (in this instance, the Plaintiff) of any IRS determination regarding Plaintiff's taxes or its decision to issue checks payable to a fiduciary (in this instance the FDIC-Receiver for Bank of Clark County), and/or that the Regulation has no provision for notice to the taxpayer of transmission or delivery of checks to any such fiduciary.

13.   As a consequence of the IRS documentation first provided in the Fall of 2013 to Plaintiff, on December 6, 2013, Plaintiff forwarded a letter to Defendants FDIC-Receiver and FDIC-Corporate indicating that Clark County Bancorporation had only very recently learned from the IRS (in the Fall of 2013 and only after litigation had been commenced) that in 2011 and 2012 various tax refund checks had been issued payable to Plaintiff Clark County Bancorporation, that in 2012 the checks that had been issued payable to Plaintiff Clark County

Bancorporation had been voided and thereafter rewritten by the IRS as payable to the FDIC-Receiver for the Bank of Clark County, and that these checks had been delivered by the IRS to the FDIC-Receiver. (Ex. A.) The documentation provided to Plaintiff by the IRS in the Fall of 2013 reveals eight checks issued in 2011 and 2012 payable to the FDIC-Receiver in the total amount of $9,682,280.08.

14. Upon Plaintiff Clark County Bancorporation's learning of these occurrences in the Fall of 2013, Plaintiff Clark County Bancorporation provided notice to Defendant FDIC-Receiver and Defendant FDIC-Corporate and objected by virtue of Plaintiff's December 6, 2013 letter. Plaintiff's December 6, 2013 letter includes Plaintiff Clark County Bancorporation's objection to (a) the FDIC's voiding in 2012 of checks issued payable to Plaintiff Clark County Bancorporation; (b) the subsequent rewriting of these checks as payable to the FDIC-Receiver; (c) the FDIC-Receiver's receipt of these checks in 2012; and (d) any and all procedures and processes related thereto. (Ex. A.) Plaintiff also demanded all information and documentation pertaining to the foregoing, including but not limited to delivery to Plaintiff of these tax refunds and checks themselves, as the tax refunds are the property of Plaintiff pursuant to law as well as a tax allocation agreement. (*Id.*) Defendants have not responded to Plaintiff's December 6, 2013 letter, other than to provide a portion (but not all) of Plaintiff's property to Plaintiff on or about March 19, 2014. Included within this documentation was a Tax Allocation Agreement ("TAA") between Plaintiff and the Bank of Clark County. Plaintiff was uncertain as to the existence of a TAA and only confirmed its existence by way of the March 19, 2014 return by the FDIC-Receiver to Plaintiff of some (but not all) of Plaintiff's property.

15. Plaintiff Clark County Bancorporation's December 6, 2013 letter further indicated that to the extent any law, statute, regulation or other provision may require notification of a

claim to the FDIC on behalf of Clark County Bancorporation (without prejudice to Clark County Bancorporation's objections, including the constitutionality and/or applicability of any such law, statute, regulation or other provision), Plaintiff's December 6, 2013 correspondence was to be construed as such notification of claim.

16. Plaintiff's December 6, 2013 correspondence was forwarded without prejudice and with reservation of all rights, as Plaintiff maintains that The Financial Institution Reform, Recovery and Enforcement Act of 1989, Public Law 101-73 (FIRREA) does not apply, because the tax refunds are not assets of the Bank of Clark County. Accordingly, Plaintiff has consistently maintained that no such notification is required under FIRREA (as set forth in the Action, and Plaintiff's Opposition to FDIC-Receiver Motion to Dismiss and Plaintiff's Surreply Brief in the Action, respectfully referenced and incorporated herein). Nevertheless, Plaintiff forwarded notice under FIRREA on December 6, 2013 without prejudice and with reservation of all rights, to the extent any law, statute, regulation or other provision would require such notification and in the event any such FIRREA notice would be asserted as necessary by any Defendant. (Ex. A.)

17. More than 180 days have transpired since Plaintiff's December 6, 2013 letter, and to the extent the Defendants construe Plaintiff's letter of December 6, 2013 as a claim under FIRREA, Plaintiff files this action accordingly, as absent institution of this action, Plaintiff Clark County Bancorporation could expect the Defendants to contend that Plaintiff's December 6, 2013 letter was a notice under FIRREA, and therefore any lawsuit in accordance therewith was required to be filed on or before August 6, 2014.

## COUNT ONE – DECLARATORY JUDGMENT AND OTHER RELIEF

18. Plaintiff respectfully incorporates paragraphs 1-17 as if fully stated herein and further incorporates the contents of its December 6, 2013 letter to the FDIC, attached hereto as Exhibit A.

19. Plaintiff respectfully requests that the Court order the relief as set forth in Plaintiff's December 6, 2013 letter, including the forwarding to Plaintiff Clark County Bancorporation of the tax refunds and copies of all communications relating to these tax refunds as well as delivery to Plaintiff of these tax refunds and checks themselves.

20. This lawsuit is respectfully filed without waiver, without prejudice and with reservation of all rights to Plaintiff's claims in the Action, including Plaintiff's position that FIRREA does not apply or that the tax refunds are not assets of the Bank of Clark County and therefore notice is not required under FIRREA in any event.

WHEREFORE, the Plaintiff respectfully requests the Court enter an order:

a. Granting to Plaintiff all relief requested by Plaintiff in its December 6, 2013 letter, Exhibit A, including: (i) delivery by Defendants to Plaintiff of the refunds, the checks themselves, and monies claimed by Plaintiff under the Plaintiff's amended returns of 2003 to 2007 and Plaintiff's returns of 2008 and 2009 as well as any other tax refunds received by Defendant FDIC-Receiver but not yet disclosed to Plaintiff, and all documentation and communications relating to the foregoing; (ii) accounting of the disposition of assets by the FDIC/FDIC-Receiver and an accounting of all payments transferred in relation to the FDIC Receivership; (iii) money damages; and (iv) any and all available relief consistent with the claims of Plaintiff herein pursuant to 5 U.S.C. § 701, et seq;

b. Declaring that the tax refunds are the property of Plaintiff and are to be delivered

to Plaintiff, and that Defendant FDIC-Receiver has no rights or interests in the tax refunds or any portion of the tax refunds and is entitled only to a claim as a creditor against Plaintiff with respect to any rights, including pursuant to the tax allocation agreement;

c.  Awarding to Plaintiff its costs, together with interest and reasonable attorney's fees; and

d.  Awarding such further equitable or other relief as the Court deems appropriate, consistent with the claims of Plaintiff herein.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims otherwise triable by jury asserted in the complaint.

Dated: July 30, 2014

/s/ K. Nichole Nesbitt
K. Nichole Nesbitt (Fed. Bar No. 26137)
knn@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
*Counsel for Plaintiff Clark County Bancorporation*

4820-3193-1676, v. 1